Cornelio C. CASTRO–CABRERA; Miria Yolanda Mendez–Jolomocox, a.k.a. Nancy Celis, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–72923.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 28, 2012.

Peter D. De Bruyn, Long Beach, CA, for Petitioners.

Kate Deboer Balaban, Esquire, Trial, Regina Byrd, Esquire, OIL, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Cornelio C. Castro–Cabrera and Miria Yolanda Mendez–Jolomocox, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the agency's determination that Castro–Cabrera failed to establish the harm he suffered or fears is on account of any protected ground. *See id.* at 482–84. Substantial evidence also supports the agency's determination that, even if Mendez–Jolomocox's asylum application was timely filed, she failed to establish a protected ground represented one central reason for the harm she suffered or fears in Guatemala. *See id.; see also Molina–Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir.2001) (personal retribution is not persecution on account of a protected ground). Accordingly, we deny the petition as to petitioners' asylum claims. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.").

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, petitioners fail to raise any substantive challenge to the denial of their CAT claims. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not addressed in the argument portion of a brief are deemed waived).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.